## MARY SUMNER vs. JONATHAN P. M'NEIL.
## THE SAME vs. WILLIAM DELAND.

H. sold to A. and B. the personal property of M., and M. demanded it of A. and B., who refused to give it up, stating to M. that they bought it of H. who represented to them that he owned it. In the trial of an action of trover afterwards brought by M. against A. and B., to recover the value of the property, it was *held*, that the defendants might show, in their defence, notwithstanding their said statement to M., that H. was M.'s agent, duly authorized to sell the property.

On the trial of an action of trover for property sold to the defendant by a third person, after the defendant has given evidence that such third person was the plaintiff's agent, duly authorized to sell the property, the plaintiff cannot give evidence that such third person, after the sale, declared that he had no authority to make the sale.

THESE were actions of trover to recover the value of a flock of one hundred and fifty sheep. At the trial in the court of common pleas, before *Wells*, C. J. the plaintiff introduced evidence tending to prove her ownership and possession of the sheep, and that the defendant M'Neil had converted one hundred of them to his use, and that the defendant Deland had converted fifty of them to his use. It appeared that the defendants purchased the flock of Hiram C. Stevens, and divided it; M'Neil taking one hundred, and Deland taking fifty of the sheep. It also appeared that the plaintiff made a demand on each of the defendants for the sheep, and that each refused to give them up, stating to the plaintiff that they had bought them of said Hiram C., on his representation that they were his property.

The defendants, among other grounds of defence, alleged that if the sheep were owned by the plaintiff, she had authorized said Hiram C. to dispose of them, as her agent. The plaintiff contended that, inasmuch as the defendants bought the sheep of said Hiram C. on his representation that they were his property, it was not competent for them to set up this ground of defence. But, as there was evidence tending to prove that the plaintiff had intrusted the management of her business to said Hiram C. and her brother William S. Stevens, who had repeatedly sold her property, in their own

names, without disclosing their agency, and that such sales by them had been ratified by the plaintiff, the judge instructed the jury " to inquire whether the plaintiff had authorized said Hiram C. to make such representations as he did make at the time of the sale to the defendants, and that, if they should find that she had so authorized this, then the sale would not be invalidated, although the representation of said Hiram C., as to his ownership, was not true."

The defendants introduced evidence tending to prove the authority of said Hiram C., as agent of the plaintiff. The plaintiff then offered to introduce evidence that said Hiram C., shortly after the sale, stated that he had no right to sell the sheep; that they belonged to the plaintiff; and that he had sold them in order to bring the plaintiff to terms. This evidence the judge refused to admit.

Verdicts were returned for the defendants, and the plaintiff alleged exceptions to the judge's ruling and instructions.

*Sumner*, for the plaintiff.

*Byington & Palmer*, for the defendants.

Dewey, J. The defendants, in addition to other grounds of defence, contended that if the sheep were once the property of the plaintiff, she had parted with her interest, through the agency of Hiram C. Stevens, whom she had authorized to sell them on her behalf, and that the defendants had purchased them of said Hiram C., who was so constituted her agent. Now it is quite obvious that these facts, if it was competent to the defendants to introduce them, constituted a good defence to the actions. Whatever tended to show that the plaintiff had legally parted with her property in the sheep, negatived the allegation, in her writ, of property in herself, and of course defeated her right to recover. The proposed defence would also advance a step further, and establish title in the sheep in the defendants.

But the plaintiff insists that the defendant is precluded from this line of defence. To sustain this position, she relies upon the evidence disclosed by the case, that when the sheep were demanded of the defendants, each of them said that " they

had bought them of said Hiram C., on his representation that they were his property."

In considering this case, we are to look at the question in issue between the parties. The plaintiff had alleged the property in the sheep to be in herself, and a conversion by the defendants. The defendants denied these allegations, and the rules of evidence allowed them to maintain their defence upon independent and even contradictory grounds; that is, they might offer evidence to support various differing grounds of defence, and if any one was satisfactorily established, that would authorize verdicts in their favor. This was not a case where the party, to whom a declaration was made, had acted upon the faith of it, in such manner as to authorize him to say to a defendant, 'having declared the source of your title to be through Hiram C. Stevens, selling in his own right, you are estopped now from showing that you purchased the sheep of him as agent for the plaintiff.' The plaintiff's right to recover for the sheep was as effectually defeated by a sale by Hiram C. Stevens, as agent, if he was duly authorized to act as such, as though they had been originally sold by her to Hiram C., and he had subsequently, in his own right, sold them to the defendants; or as though the property had originally belonged to said Stevens, and not to the plaintiff. We do not see any objection to this line of defence, or to the competency of the evidence offered in support of it. It was properly submitted to the jury, and was by them deemed sufficient to establish the agency of Hiram C. Stevens, to act in behalf of the plaintiff in making the sale of the sheep to the defendants.

A further question was raised upon the ruling of the presiding judge, excluding the evidence of the declarations of Hiram C. Stevens, made after the sale, "that he had no right to sell the sheep, and that they belonged to the plaintiff." This ruling may be supported on various grounds.

1. The declarations of a vendor, after the sale, are not competent evidence as against the vendee. While the party has the apparent ownership, and alleges title in himself to the

property, his declarations, tending to defeat his own title, may be admissible; but the moment he parts with his title, his subsequent declarations are incompetent to defeat the interest of one who has purchased of him. If it were not so, the vendee would be subject to the grossest injustice. He might be divested of his property upon the mere declarations of the ' vendor, not under sanction of an oath. With the sale of the property, the interest of the vendor in the article sold ceases, and from that period he stands, in relation to it, like all other strangers, as to any effect to be given to declarations tending to defeat the title of the purchaser.

2. If treated as a case of agency on the part of Hiram C, Stevens, the declarations of an agent, made after the sale, are incompetent. His declarations are admissible as a part of the *res gestæ.* His subsequent declarations would be inadmissible even to charge his principal. 8 Met. 44. Much more should they be rejected, when offered by the principal to defeat the conveyances made by his professed agent, by showing that the act was unauthorized.

3. We do not perceive why Stevens might not be called by the plaintiff as a witness. If he might be so called, then the proposed evidence was merely hearsay, and the offer of it nothing more than an attempt to introduce, without the sanction of an oath, the naked declaration of an agent to defeat his acts done under color of such agency. This evidence was properly rejected.

*Exceptions overruled.*